UNITED STATES of America,
Plaintiff–Appellee,

v.

Carlos ESPARZA–ROMO, also
known as Carlos Esparza,
Defendant–Appellant.

No. 05–51639
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and
SMITH and STEWART, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Carlos Esparza–Romo raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Ruben JIMENEZ–FLORES, also known as Pedro Izaguirre Ortiz, also known as Gilberto Garcia, Defendant–Appellant.

No. 05–51659
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and
SMITH and STEWART, Circuit Judges.

published and is not precedent except under

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Ruben Jimenez–Flores raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Oscar FRANCO–MUNOZ, also known as Cesar Franco, Defendant–Appellant.**

**No. 05–51449**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 5, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Oscar Franco–Munoz raises arguments that are foreclosed by *United States v. Hinojosa–Lopez*, 130 F.3d 691, 694 (5th Cir.1997), which held that a Texas felony conviction for possession of marijuana was an "aggravated felony" under § 2L1.2(b) of the Sentencing Guidelines, and by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.